IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTESYN NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GALAXY POWER, INC.,<br><br>Defendant. | Case No.: 04-10727-PBS<br><br>**MOTION TO DISMISS COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS** |

**MOTION TO DISMISS**
**COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS**

Plaintiff Artesyn North America, Inc., ("Artesyn"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Motion to Dismiss Counts II and III of Defendant's Counterclaims. By this Motion, Plaintiff seeks to dismiss Counts II and II of the counterclaims for abuse of process and violation of Massachusetts General Laws chapter 93A. In support thereof, Plaintiff states as follows:

1. Defendant Galaxy Power, Inc. ("Galaxy") and Zytec Corporation (now Artesyn) entered into a license agreement by which Galaxy licensed technology to Artesyn, and Galaxy agreed to defend and indemnify Artesyn against any claims involving allegations that the licensed technology infringes the intellectual property rights of any third party.

2. In April of 2001, a third party, VLT, Inc., filed suit against Artesyn in this Court, asserting that the technology Galaxy licensed to Artesyn infringed a patent owned by the third party. Galaxy has conceded in its Answer the existence of the suit against Artesyn, the

existence of its agreement to indemnify and defend Artesyn, and that Artesyn gave prompt notice to Galaxy of the suit. Despite Artesyn's repeated requests that Galaxy honor its obligations to defend and indemnify Artesyn against the claims, Galaxy has refused to do so.

3. Artesyn filed a Complaint in this Court against Galaxy, seeking damages from Galaxy's breach of its obligations to defend and indemnify and a declaration that the license agreement covers Artesyn's ongoing costs from the third party action. In its Answer, Galaxy counterclaimed, asserting, *inter alia*, that Artesyn's suit is an abuse of the civil system and an unfair and deceptive trade practice in violation of Massachusetts General Laws Chapter 93A.

4. The thrust of Defendant's counterclaims is simply that it is unfair for Artesyn, a larger company, to sue Galaxy because Galaxy will have to incur litigation costs and perhaps settle the litigation. Galaxy's counterclaims consist solely of bald conclusions of law, without any allegations that suggest that they are well-grounded, particularly in light of the facts that Galaxy has conceded in its Answer.

5. As a matter of law, these allegations are insufficient to state a claim for abuse of process or violation of 93A. Allowing such claims to proceed on the conclusory allegations made here would only encourage frivolous counterclaims that unnecessarily complicate straightforward breach of contract cases.

6. The specific grounds for Plaintiff's Motion are set forth in Plaintiff's Brief in Support filed simultaneously with this Motion.

WHEREFORE, Plaintiff Artesyn respectfully requests that this Court grant its Motion to Dismiss Counts II and III of Defendant's Counterclaims for abuse of process and violation of Chapter 93A and dismiss Counts II and III.  A proposed Order is attached.

Dated:  July 22, 2004                                             Respectfully submitted,

KIRKPATRICK & LOCKHART LLP

 /s/ Thomas F. Holt, Jr.
Thomas F. Holt, Jr.
BBO# 238,830
Tara C. Clancy
BBO# 567020
75 State Street
Boston, MA  02109
(617) 261-3100

Of Counsel:

David R. Cohen, Esq.
Pa. I.D. #39540
Patrick J. McElhinny, Esq.
Pa. I.D. #53510
Mark G. Knedeisen, Esq.
Pa. I.D. #82489
Rebecca J. Berkun, Esq.
Pa. I.D. #91552

KIRKPATRICK & LOCKHART LLP
535 Smithfield Street
Pittsburgh, PA  15222
(412) 355-6500

Attorneys for Artesyn North America, Inc.