**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARTESYN NORTH AMERICA, INC., )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>GALAXY POWER, INC., )<br>)<br>         Defendant. )<br>)<br>) | Case No.:  04-10727-PBS<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
COUNTS II AND III OF DEFENDANT'S COUNTERCLAIMS**

Plaintiff Artesyn North America, Inc., ("Artesyn"), by and through its undersigned counsel, files this Brief in Support of Motion to Dismiss Counts II and III of Defendant's Counterclaims.

## I.   INTRODUCTION

Defendant Galaxy Power, Inc. ("Galaxy") and Zytec Corporation (now Artesyn) entered into a license agreement by which Galaxy licensed technology to Artesyn, and Galaxy agreed to defend and indemnify Artesyn against any claims involving allegations that the licensed technology infringes the intellectual property rights of any third party.

In April of 2001, a third party, VLT, Inc., filed suit against Artesyn in this Court, asserting that the technology Galaxy licensed to Artesyn infringed a patent owned by the third party. Galaxy has conceded in its Answer the existence of the suit against Artesyn, the existence

of its agreement to indemnify and defend Artesyn, and that Artesyn gave prompt notice to Galaxy of the suit. Despite Artesyn's repeated requests that Galaxy honor its obligations to defend and indemnify Artesyn against the claims, Galaxy has refused to do so. Artesyn subsequently filed a Complaint against Galaxy, seeking damages from Galaxy's breach of its obligations to defend and indemnify and a declaration that the license agreement covers Artesyn's ongoing costs from the third party action.

In its Answer, Galaxy counterclaimed, asserting, *inter alia*, that Artesyn's suit is an abuse of the civil system and an unfair and deceptive trade practice in violation of Massachusetts General Laws Chapter 93A. The thrust of these counterclaims, however, is simply that it is unfair for Artesyn, a larger company, to sue Galaxy because Galaxy will have to incur litigation costs and perhaps settle the litigation. As a matter of law, Galaxy's allegations are insufficient to state a claim for abuse of process or violation of 93A, and Counts II and III of the counterclaims should be dismissed. Allowing such claims to proceed on the conclusory allegations made here would only encourage frivolous counterclaims that unnecessarily complicate straightforward breach of contract cases.

## II.     FACTUAL BACKGROUND

**A.     The License Agreement**

On December 16, 1994, Galaxy and Zytec Corporation ("Zytec") executed the Product Development and License Agreement ("Agreement"), see Exhibit A to Complaint (for the Court's convenience, the Complaint is attached to this brief as Exhibit 1).[1] In its Answer,

---

[1]     Galaxy concedes that by its terms, the Agreement inured to the benefit of and was binding upon Zytec and Galaxy "and their respective heirs, executors, administrators, representatives, sublicenses, successors and assigns." See Complaint, Exhibit A, p. 8; Answer, ¶ 16. When Zytec changed its name in 1998 to Artesyn North American,

attached to this brief as Exhibit 2, Galaxy concedes that it executed this agreement with Zytec. See Answer, ¶¶ 1, 10.  Pursuant to the Agreement, Galaxy agreed to license certain technology and products to Zytec.[2]  Galaxy claimed to be the sole and rightful owner of all of the technology and designs it was offering to license.  See Complaint, Exhibit A. p. 7.  Galaxy concedes that it made the following warranties to Zytec in the Agreement:

    a. Galaxy has the right to enter into this Agreement, to grant Zytec the rights and licenses set forth herein, and to perform all obligations of this Agreement;

    b. Execution, delivery, and performance of this Agreement by Galaxy will not constitute a breach of any agreement, judgment, award, law, rule, or regulation to which Galaxy is bound;

    c. Galaxy is the owner of the entire right, title and interest in the Licensed Know-How;

    d. Galaxy has the sole right to grant licenses under the Licensed Know-How and has not previously granted any rights thereunder that would interfere with any rights granted Zytec under this Agreement;

    e. Galaxy is not aware of any facts or circumstances from which it could reasonably be concluded that any of the Licensed Know-How infringes on any patent, copyright, trade secret or other proprietary right of any third party; and

    f. Galaxy is not aware of any facts or circumstances from which it could reasonably conclude that a third party is infringing any of the Licensed Know-How.

See Complaint, Exhibit A, pp. 7-8; Answer, ¶ 11.  In consideration for the licensed technology, Zytec agreed to pay Galaxy $600,000, payable in a number of installments, as certain milestones

---

Inc., and then merged into a new Delaware corporation of the same name, Artesyn succeeded to all of Zytec's rights and obligations under the Agreement.  See Complaint, ¶¶ 4, 16.

[2]     The Agreement defines Licensed Know-How to include "the Proprietary Rights, together with any improvements, enhancements, updates or other variations of such Proprietary Rights, together with all of Galaxy's present and future specialized, novel and unique techniques, inventions, practices, knowledge, skill, expertise and other proprietary information relating to the Proprietary Products."  See Complaint, Exhibit A, p. 2; Answer, ¶ 14.

in the product development and introduction to market were reached.  See Complaint, Exhibit A, pp. 6-7; Answer, ¶ 12.

> Galaxy shall indemnify, hold harmless, and defend Zytec, its agents, officers, and employees against any and all claims made against Zytec, its agents, officers, and employees that use of the Licensed Know-How infringes any license, copyright, trademark, trade secret, patent, or other proprietary right, and hold Zytec, its agents, officers, and employees harmless against all damages, judgments, and attorneys' fees arising out of the foregoing; provided, however, that Zytec shall give Galaxy prompt written notice of such claims.

The Agreement contains an indemnification provision, which provides as follows:

See Complaint, Exhibit A, p. 5.  Galaxy concedes that the Agreement contains this language. See Answer, ¶ 13.

**B.    The VLT Action**

Using the design it licensed from Galaxy and pursuant to the Agreement, Artesyn developed, introduced into market, and continues to sell lines of standard and custom product DC-DC converters (the "Accused Products") that incorporate or otherwise use the licensed Galaxy technology.  See Complaint, ¶ 17.

In 2001, Vicor Corporation ("Vicor") and its wholly-owned subsidiary, VLT, Inc. ("VLT"), filed suit in this Court against numerous companies within the power industry, including Artesyn, asserting broad claims of patent infringement.  On April 4, 2001, VLT filed such a suit against Artesyn (the "VLT Action").[3]  VLT claims to be the owner of U.S. Patent Reissue No. 36,098 (the '098 Patent).  Vicor and VLT alleged that all single ended forward

---

[3]    A copy of the Amended Complaint in the VLT Action is attached to the Complaint as Exhibit B.

4

converters of Artesyn having an active reset or active clamp design infringe the '098 Patent. This allegation encompasses the Artesyn products based on the Galaxy design (the "Accused Products"). In its Answer, Galaxy concedes that VLT has asserted patent infringement claims against Artesyn. See Answer, ¶ 18.

On April 30, 2001, less than thirty days after VLT filed its action, Artesyn informed Galaxy by letter that VLT had filed the VLT Action and that the lawsuit implicated products that were subject to the Agreement. At that time, Artesyn formally requested that Galaxy indemnify Artesyn for the costs of defending the VLT Action, including attorneys' fees, and any damages or judgments that Artesyn may become legally obligated to pay as a result of any liability in the VLT Action. Galaxy admits that Artesyn sent this letter to Galaxy, requesting that Galaxy defend and indemnify Artesyn in the VLT Action. See Answer, ¶ 20.

Despite the unequivocal language of the License Agreement requiring Galaxy to "indemnify, hold harmless, and defend" Artesyn against "any and all claims . . . that use of the Licensed Know-How infringes any . . . patent," Galaxy informed Artesyn on May 24, 2001 that it would not defend or indemnify Artesyn for VLT's claim that the products containing the Galaxy know-how infringed VLT's patent. Artesyn has made subsequent requests that Galaxy honor its obligations to defend and indemnify Artesyn in connection with the VLT Action. See Complaint, ¶ 22. Galaxy has continued to refuse to defend and indemnify Artesyn. Id.

C.     **Artesyn's Action Against Galaxy**

As a result of Galaxy's refusal to honor its obligations to indemnify and defend Artesyn for the claims made against Artesyn by VLT, Artesyn has been forced to expend, and continues to expend, substantial costs and attorneys' fees to defend the VLT Action.

5

See Complaint, ¶ 23.  Additionally, Artesyn may be required to satisfy any settlement amount or amount of judgment resulting from the VLT Action.  Id.

Artesyn filed its Complaint in this action on April 9, 2004.  By its Complaint, Artesyn seeks to recover, *inter alia,* the attorneys' fees and costs it has expended to date to defend the VLT Action.  Artesyn also seeks a declaration that Galaxy is liable to Artesyn for the attorneys' fees and costs that it will expend throughout the remainder of the VLT Action, as well as any amount Artesyn becomes legally obligated to pay as a result of the VLT Action.

Galaxy filed its Answer and asserted affirmative defenses and counterclaims.  See Answer, pp. 5-9.  The Counterclaims contains three counts: (1) breach of contract; (2) abuse of process; and (3) violation of Massachusetts General Laws 93A.  See Answer, Counterclaims, ¶¶ 1-15.  Artesyn denies the breach of contract (Count I), and will address it in its Answer.  In Counts II and III, Galaxy claims that Artesyn abused the civil process and committed unfair and deceptive acts in violation of Massachusetts General Laws Chapter 93A by filing its Complaint with an improper motive and without factual or legal basis.  See Answer, Counterclaims, ¶¶ 5-15.  The gravamen of these counts is that it is unfair for a large company like Artesyn to sue a smaller company such as Galaxy because Galaxy will incur litigation and possibly settlement costs.  By this motion, Artesyn seeks dismissal of these counts for failure to state a claim upon which relief may be granted.

### III.  ARGUMENT

**Galaxy's Counterclaims For Abuse Of Process And Violation Of Chapter 93A Should Be Dismissed For Failure To State A Claim Pursuant to FRCP 12(b)(6).**

When reviewing a motion to dismiss, this Court should view the facts in the Complaint and Answer as true, and make all reasonable inferences in the non-movant's favor. See Edes v. Verizon Communications, Inc., 288 F. Supp. 2d 55, 58 (D. Mass. 2003) (citing Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992)).  This Court must dismiss Galaxy's counterclaims if it finds that Galaxy cannot prove any set of facts to support its claims that would entitle it to relief.  Id. (citing Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987)).

On a motion to dismiss, this Court is free to disregard conclusory allegations of law.  Krantz v. Fid. & Research Co., 98 F. Supp. 2d 150, 153 (D. Mass. 2000) ("'Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.'") (quoting DM Research v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999)).  Here, the "danger signs" are readily apparent.  Galaxy's counterclaims consist solely of bald conclusions of law, without any allegations that suggest that they are well-grounded, particularly in light of the facts that Galaxy has conceded in its Answer.

**A.   Galaxy's Counterclaim For Abuse Of Process Should Be Dismissed For Failure To State A Claim.**

To state a claim for abuse of process and avoid dismissal on this motion to dismiss, Galaxy must allege facts sufficient to support the three elements of a claim for abuse of process: (1) the civil process was used; (2) the process was used for an ulterior or illegitimate

7

purpose; and (3) damage to the claimant resulted.  <u>Jones v. Brockton Public Mkts., Inc.</u> 340 N.E.2d 484, 485 (Mass. 1975).  Galaxy's counterclaim fails to satisfy this standard.

Artesyn concedes that it has used the civil process by filing its Complaint, satisfying the first prong of the test.  Even if Galaxy has sufficiently alleged that it has suffered damages under the third prong, Galaxy makes only conclusory allegations regarding the second element.  To avoid dismissal, Galaxy must allege that "'the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'"  <u>Datacomm Interface, Inc. v. Computerworld, Inc.</u>, 489 N.E.2d 185, 195 (Mass. 1986) (finding that the ulterior motive element of an abuse of process claim was satisfied where the litigation was used as a marketing tool, and there were misrepresentations in the complaint) (quoting <u>Beecy v. Pucciarelli</u>, 441 N.E.2d 1035, 1039 (Mass. 1982)).

Galaxy has not sufficiently alleged, as it must, that Artesyn used the civil process "as a threat or a club to coerce or extort some collateral advantage not properly involved in the proceeding."  <u>Broadway Mgmt. Servs. v. Cullinet Software, Inc.</u>, 652 F. Supp. 1501, 1503 (D. Mass. 1987) (granting motion to dismiss claim for abuse of process because defendant did not sufficiently allege that the process was used for an ulterior or illegitimate purpose).  To the contrary, Galaxy has merely asserted that "Artesyn is a large, publicly held company with the financial resources to litigate an expensive Federal Court case," that "Galaxy is a small, closely held business without the same financial resources," and that Galaxy will have to spend money to defend the case or settle.  <u>See</u> Answer, Counterclaims, ¶¶ 7, 9.  These allegations about differences in financial resources, Artesyn's purported knowledge of those differences, and the

8

inevitable consequences of being a defendant in civil litigation do not and cannot support a viable claim for abuse of process.

In Broadway Management, the court rejected precisely the same type of claim, granting plaintiff's motion to dismiss defendant's counterclaim for abuse of process because defendant's conclusory allegations failed to satisfy the ulterior motive element of the test for abuse of process. 652 F. Supp. at 1504. The court stated that defendant merely claimed "that [plaintiff] used the process for the purposes of harassing [defendant], exacting a financial benefit to which [plaintiff] is not entitled, and causing [defendant] to expend substantial money and management time to defend against the complaint." Id. at 1502-03. Those allegations are strikingly similar to Galaxy's here. For example, Galaxy claims that Artesyn initiated the litigation to for the "improper and ulterior purpose of . . . requiring Galaxy to incur legal fees it could not afford." See Answer, Counterclaims, ¶ 9. As the court held in Broadway Management, motives such as those Galaxy has imputed to Artesyn are "naturally tied up with interests properly part of the counts in [Artesyn's] complaint," and therefore are insufficient to support a claim for abuse of process. Id.

Likewise, Galaxy's conclusory allegations that Artesyn's motive is to exact an "unjustified and unsupportable settlement from Galaxy" also is insufficient to demonstrate an ulterior motive under the second prong of the test. See Answer, Counterclaims, ¶ 9. Settlement is inextricably linked to any litigation, and thus a potential settlement is not a "collateral advantage" that is "not properly involved in the proceeding." See Broadway Mgmt., 653 F. Supp. at 1503. If a desire to extract a settlement were deemed by this Court to be an ulterior motive sufficient to satisfy an abuse of process claim, such claims could be brought as a counterclaim in every litigation. Certainly, encouraging such counterclaims would foster

litigation over the litigation and unnecessary complications for every civil action. This court should not endorse such a practice.

Galaxy allegations fail, as a matter of law, to satisfy all of the elements required to state a claim for abuse of process. Therefore, Galaxy's counterclaim for abuse of process must be dismissed.

**B.    Galaxy's Counterclaim For Violation Of Chapter 93A Should Be Dismissed For Failure To State A Claim.**

Galaxy fails to state a claim for unfair and deceptive acts under Chapter 93A of Massachusetts General Laws. MASS. GEN. LAWS ch. 93A, § 11 (2002). To state a claim under Chapter 93A, Galaxy must allege that "[t]he objectionable conduct [attains] a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1513 (1st Cir. 1989) (citing Levings v. Forbes & Wallace, Inc., 396 N.E.2d 149, 153 (Mass. 1979)). The alleged conduct must be "'within at least the penumbra of some common-law, statutory, or other established concept of unfairness' or [be] 'immoral, unethical, oppressive, or unscrupulous.'" Id. (citing PMP Assocs., Inc. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975)).

A court must examine the particular facts of each case to ascertain whether a party stated a claim for violation of Chapter 93A. Gen. Elec. Co. v. Lyon, 894 F. Supp. 544, 551 (D. Mass. 1995); Levings, 396 N.E2d at 153. The facts alleged by Galaxy in its counterclaim do not rise to the level of a viable cause of action under 93A. Galaxy contends that Artesyn violated 93A "[b]y the conduct more fully described above, including filing this action without factual or legal basis . . . ." See Answer, Counterclaims, ¶ 13. It is unclear precisely what conduct Galaxy

10

is referring to, although it seems Galaxy may be alluding either to its allegation that Artesyn breached the contract or to its alleged abuse of process.  See Answer, Counterclaims, ¶¶ 1-10.

A mere allegation of breach of contract is insufficient to establish a violation of 93A, absent an allegation of extortion or similar conduct.  See Commercial Union Ins. Co. v. Seven Provinces Ins. Co., 217 F.3d 33, 41 (1st Cir. 2000); Brennan v. Carvel Corp., 929 F.2d 801, 813 (1st Cir. 1991).  Galaxy has not alleged extortion, nor are there facts that could support any such allegation.  Galaxy has made no allegations that Artesyn's "'conduct [was] in disregard of known contractual arrangements and [was] intended to secure benefits for the breaching party . . . .'"  Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 55 (1st Cir. 1998) (quoting Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 821 (Mass. 1991)).

Moreover, Galaxy's assertion that Artesyn brought its Complaint without legal or factual foundation is similarly conclusory and unsupported by the allegations in Artesyn's Complaint.  See Complaint.  Artesyn has alleged facts sufficient to substantiate its claims for breach of contract and declaratory judgment, and Galaxy has conceded many of the key facts upon which Artesyn's claim is based.  Galaxy admits that the Agreement provided that Galaxy would defend and indemnify Artesyn against claims by a third party.  See Complaint, Exhibit A, p. 5; Answer, ¶ 13.  Galaxy further admits that Artesyn has been sued by a third party.  See Answer, ¶ 18.  Still, Galaxy has refused to defend and indemnify Artesyn against these claims.  This is a breach of contract.  Consequently, Galaxy's assertions that Artesyn's Complaint is without legal or factual foundation is baseless and simply mirrors its counterclaim for purported abuse of process.  See Complaint, ¶¶ 9, 13.  As the claim for abuse of process must fail, the claim for violation of Chapter 93A must fail, as well.  See Refuse & Envtl. Sys., Inc. v. Indus. Servs.,

11

932 F.2d 37, 43 (1st Cir. 1991) ("We think 'bringing the state lawsuit in spite of the evidence' is the same as the abuse of process count . . . .").

In sum, Galaxy does not allege and cannot point to any conduct by Artesyn that amounts to "rascality," or "immoral, unethical, oppressive, or unscrupulous" behavior. The First Circuit has held that mere allegations without factual predicate are insufficient to state a claim for a Chapter 93A violation:

> [T]he chapter 93A violation is pleaded in a similarly conclusory fashion. . . . In Massachusetts, the litmus test for transgression of chapter 93A involves behavior which falls within 'the penumbra of some . . . established concept of unfairness,' and is sufficiently 'unethical or unscrupulous' to be actionable under the statute. In this case, there was no *factual* predicate in the second amended complaint to suggest that Mobil's conduct trenched near to – let alone crossed – that line.

Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-16 (1st Cir. 1988) (citations omitted). Galaxy's allegations are conclusory and lack factual predicate that Artesyn's conduct came close to, let alone crossed, the line of "unethical or unscrupulous" conduct, and therefore those allegations are insufficient to as a matter of law establish a claim for violation of 93A.

## IV. CONCLUSION

For the foregoing reasons, Artesyn respectfully requests that this Court grant its Motion to Dismiss Counts II and III of Defendant's Counterclaims for abuse of process and violation of Chapter 93A and dismiss Counts II and III.

Dated: July 22, 2004

Respectfully submitted,

KIRKPATRICK & LOCKHART LLP

 /s/ Thomas F. Holt, Jr.
Thomas F. Holt, Jr.
BBO# 238,830
Tara C. Clancy
BBO# 567020
75 State Street
Boston, MA  02109
(617) 261-3100

Of Counsel:

David R. Cohen, Esq.
Pa. I.D. #39540
Patrick J. McElhinny, Esq.
Pa. I.D. #53510
Mark G. Knedeisen, Esq.
Pa. I.D. #82489
Rebecca J. Berkun, Esq.
Pa. I.D. #91552

KIRKPATRICK & LOCKHART LLP
535 Smithfield Street
Pittsburgh, PA  15222
(412) 355-6500

Attorneys for Artesyn North America, Inc.