# **EXHIBIT 2**

Case 1:04-cv-10727-PBS   Document 11-3   Filed 07/22/2004   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10727-PBS

| | | |
|---|---|---|
| ARTESYN NORTH AMERICA, INC., | ) | |
|     Plaintiff, | ) | **GALAXY POWER, INC.'S** |
| | ) | **ANSWER, AFFIRMATIVE** |
| v. | ) | **DEFENSES AND COUNTERCLAIMS** |
| | ) | |
| GALAXY POWER, INC. | ) | |
|     Defendant. | ) | |

Now comes the defendant Galaxy Power, Inc. (hereinafter "Galaxy") in the above-entitled action and responds to the allegations of the Plaintiff's Complaint as follows:

NATURE OF THE ACTION

1. Galaxy Power, Inc. ("Galaxy") admits that it entered into the Agreement with Zytec Corporation. Galaxy is without sufficient information, knowledge or belief as to whether or not Zytec is "now Artesyn" and therefore denies the same. Galaxy further denies Artesyn's characterization of the Agreement.

2. Galaxy admits that the VLT Action was filed, but denies that the VLT Action involves Galaxy's technology or products. In further answering, Galaxy states that Artesyn did request Galaxy to indemnify it against the VLT claims and that Galaxy has rightfully refused to do so.

3. Galaxy neither admits nor denies the allegations in Paragraph 3 as they merely state what Artesyn hopes to accomplish in this action.

4. Galaxy denies the allegations set forth in Paragraph 4.

## THE PARTIES

5. Galaxy admits that Artesyn supplies power conversion products and communication subsystems to the computing and communications industries, but states that it is without information or knowledge as to whether or not Artesyn is a "leading" supplier of such products and therefore denies the same.

6. Galaxy admits the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7. Galaxy admits the allegations contained in Paragraph 7.

8. Galaxy admits the allegations contained in Paragraph 8.

9. Galaxy admits the allegations contained in Paragraph 9.

## THE FACTS

10. Galaxy admits that on or about December 16, 1994, it entered into the Agreement with Zytec, but denies Artesyn's characterization of the Agreement.

11. Galaxy admits that the Agreement contained certain representations and warranties, but denies Artesyn's characterization of the same.

12. Galaxy admits that the Agreement required Zytec to make certain payments, that the Agreement sets forth specifically the conditions precedent to such payments, and therefore denies Artesyn's characterization of the same.

13. Galaxy admits that the Agreement contains language which is, in part, quoted in Paragraph 13 of the Complaint, but denies the remaining allegations in Paragraph 13.

14. Galaxy admits that the Agreement refers to Licensed Know-How but denies Artesyn's characterization of the same and further denies that such Licensed Know-How was at issue in the VLT Action.

15. Galaxy admits the allegations contained in Paragraph 15.

16. Galaxy admits that the Agreement contains the quoted language, but denies that Artesyn has succeeded to Zytec's rights and obligations under the Agreement.

17. Galaxy is informed and believes that Zytec used products and technology received from Galaxy, and that it introduced products into the market that, to some extent, incorporated such technology. Galaxy denies that its products or technology are "Accused Products".

18. Galaxy admits that VLT is the purported owner of the '098 Patent and the '146 Patent and that it has asserted patent infringement claims against numerous companies, including Artesyn.

19. Galaxy denies the allegations contained in Paragraph 19.

20. Galaxy admits that Artesyn sent a letter dated April 30, 2001, and that such letter speaks for itself, and therefore, denies Artesyn's characterization of the same.

21. Galaxy denies the allegations contained in Paragraph 21.

22. Galaxy admits that, based upon the information made available to it by Artesyn, it refused to defend and indemnify Artesyn from and against all claims raised in the VLT Action.

23. Galaxy denies the allegations contained in Paragraph 23.

24. Galaxy neither admits nor denies the allegations contained in Paragraph 24, as they do not contain factual allegations, but merely recite what Artesyn seeks to accomplish in this litigation.

## COUNT I

25. Galaxy repeats and realleges its response to Paragraphs 1 through 24 above as if fully set forth herein.

26. At this time, Galaxy has no information available to it that would indicate that the Agreement was not, in 1994, a valid and enforceable contract between Zytec and Galaxy. Galaxy specifically reserves the right to deny the validity of the Agreement as this matter proceeds.

27. Galaxy denies the allegations contained in Paragraph 27.

28. Galaxy denies the allegations contained in Paragraph 28.

29. Galaxy denies the allegations contained in Paragraph 29.

30. Galaxy denies the allegations contained in Paragraph 30.

31. Galaxy denies the allegations contained in Paragraph 31.

## COUNT II

32. Galaxy repeats and realleges its response to Paragraphs 1 through 31 above as if fully set forth herein.

4

33. Galaxy admits the allegations contained in Paragraph 33.

34. Galaxy admits the allegations contained in Paragraph 34.

35. Galaxy admits the allegations contained in Paragraph 35.

36. Galaxy admits the allegations contained in Paragraph 36.

37. Galaxy admits the allegations contained in Paragraph 37.

38. Galaxy admits the allegations contained in Paragraph 38.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in each and every Count therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by its own breach of contract.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the equitable doctrines of waiver, laches, unclean hands and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because Plaintiff lacks standing to bring this action and/or is not a proper party in interest.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that the Defendant owes the Plaintiff anything, which is specifically denied, such amount is less than, and/or must be offset against the amounts owed by Plaintiff to the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by its failure to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because the Agreement upon which it relies is invalid and unenforceable.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because the VLT Action does not involve Galaxy's technology.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because its own conduct was either the sole or a contributing factor to the bringing of the VLT Action.

WHEREFORE, Galaxy respectfully requests that this Court grant it the following relief:

1. Dismiss Artesyn's Complaint with prejudice.

2. Award Galaxy the costs incurred in defending this action.

3. Such other relief as this Court deems just and equitable.

DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNTERCLAIMS

### COUNT I

1. Plaintiff in Counterclaim, Galaxy Power, Inc. ("Galaxy") hereby asserts its Counterclaims against Defendant in Counterclaim, Artesyn North America, Inc. ("Artesyn").

2. Artesyn claims to be the successor of Zytec in connection with the 1994 Agreement. To the extent that Artesyn is found to be a successor pursuant to the Agreement, it owes Galaxy the amount of at least One Hundred Thousand Dollars ($100,000.00).

3. Notwithstanding repeated demands, Artesyn has refused to make such payment.

4. To the extent that the Agreement is determined to be valid, and Artesyn a proper party to the Agreement, Artesyn has breached the contract and caused Galaxy damages in an amount to be determined at trial.

### COUNT II

5. Galaxy repeats and realleges its allegations set forth in Paragraphs 1 through 4 above as if fully set forth herein.

6. Artesyn and Galaxy are both in the DC to DC converter business. Galaxy is in possession of technology and information which Artesyn desires.

7. Artesyn is a large, publicly held company with the financial resources to litigate an expensive Federal Court case. Artesyn is aware of the fact that Galaxy is a small, closely held business without the same financial resources.

8. In April 2004, Artesyn caused a Civil Summons and Complaint to be served upon Galaxy in this action.

7

9. Artesyn filed this action for the improper and ulterior purpose of obtaining an unjustified and unsupportable settlement from Galaxy and/or requiring Galaxy to incur legal fees it could not afford.

10. By the conduct described above, Artesyn has abused the civil process which has caused, and will continue to cause, Galaxy damages in an amount to be determined at trial.

## COUNT III

11. Galaxy repeats and realleges its allegations set forth in Paragraphs 1 through 10 above as if fully set forth herein.

12. Galaxy and Artesyn are engaged in trade or commerce within the meaning of M.G.L. Chapter 93A.

13. By the conduct more fully described above, including filing this action without factual or legal basis, Artesyn has committed unfair and deceptive acts in violation to M.G.L. Chapter 93A.

14. Artesyn's conduct has been willful and intentional.

15. Galaxy has been, and will continue to be damaged, in an amount to be determined at trial by Artesyn's unfair and deceptive business practices.

WHEREFORE, Plaintiff in Counterclaim, Galaxy Power, Inc., requests that this Court grant it the following relief:

1. Enter judgment in its favor on all Counterclaims.

2. Award Galaxy damages in an amount to be determined at trial.

3. Award Galaxy treble damages, costs and reasonable attorneys fees pursuant to Chapter 93A.

4. Such other and further relief as this Court deems just and equitable.

PLAINTIFF IN COUNTERCLAIM, GALAXY POWER, INC. REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                GALAXY POWER, INC.
                By Its Attorneys,

                \S\: Louis M. Ciavarra
                Louis M. Ciavarra (BBO#546481)
                BOWDITCH & DEWEY, LLP
                311 Main Street
                P.O. Box 15156
                Worcester, MA 01601-0156
                Telephone No.: (508) 926-3408

Dated: June __4__, 2004